UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EBONY NICOLE DUNAWAY,
on behalf of E.B.B.,

                                       Plaintiff,

                                                                                        DECISION AND ORDER

                                                                                          10-CV-6540L

                                       v.

MICHAEL J. ASTRUE,


                                     Defendant.
_____

       Plaintiff, on behalf of her minor daughter, E.B.B., appeals from a denial of disability insurance benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner.

       On June 20, 2008, plaintiff filed an application on behalf of E.B.B. for Supplemental Security Income benefits under Title II of the Social Security Act. Plaintiff alleged that E.B.B. had been disabled since January 1, 2007 due to psychological and/or cognitive impairments. (T. 97). Her application was initially denied, and plaintiff requested a hearing, which was held on December 15, 2009 before Administrative Law Judge ("ALJ") John P. Costello. (T. 30-59). The ALJ issued a decision on January 12, 2010, concluding that E.B.B. was not disabled under the Social Security Act. (T. 14-25). That decision became the final decision of the Commissioner when the Appeals Council denied review on August 12, 2010 (T. 1-2). Plaintiff now appeals. The Commissioner has moved (Dkt. #4) and plaintiff has cross moved (Dkt. #5) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons that follow, I find that the Commissioner failed to set forth the reasoning underlying his findings in sufficient detail, that his

conclusions are therefore not supported by substantial evidence, and that remand for further proceedings is necessary. The Commissioner's motion (Dkt. #4) is denied, plaintiff's cross motion (Dkt. #5) is granted, and the matter is remanded for further proceedings.

## DISCUSSION

Because the claimant is a child, a particularized, three-step sequential analysis is used to determine whether she is disabled. First, the ALJ must determine whether the child is engaged in substantial gainful activity. *See* 20 CFR §416.924. If so, the claimant is not disabled. If not, the ALJ proceeds to step two, and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act. If not, the analysis concludes with a finding of "not disabled." If so, the ALJ continues to step three.

At step three, the ALJ examines whether the claimant's impairment meets or equals the criteria of a listed impairment. If the impairment meets or medically equals the criteria of a listing and meets the durational requirement (20 CFR §416.926) -- that is, if the child's impairments are functionally equivalent in severity to those contained in a listed impairment -- the claimant is disabled. *See* 20 CFR §416.926(a). If not, she is not disabled. In making this assessment, the ALJ must measure the child's limitations in six areas: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for herself; and (6) health and physical well-being. *See* 20 CFR §416.926a(b)(1). Medically determinable impairments will be found to equal a listed impairment where they result in "marked" limitations in *two or more* domains of functioning, or an "extreme" limitation in one or more. 20 CFR §§ 416.926a(a), (d) (emphasis added).

The Commissioner's decision that E.B.B. is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002). Substantial evidence is

defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada v. Apfel,* 167 F.3d 770, 774 (2d Cir. 1998) *quoting Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir.1997). Still, "it is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir.1999). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute our judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir.2002).

Upon careful review of the record, I believe that the ALJ failed to grant due consideration to the evidence of record or to set forth his findings in sufficient detail to permit a thorough review by this Court, and that therefore, remand for further proceedings is necessary.

The ALJ first concluded that E.B.B.'s severe learning disability constituted a severe impairment not meeting or equaling a listed impairment. He then proceeded to analyze whether E.B.B. has "marked" or "extreme" limitations in any of the six domains of mental functioning, based on the medical, educational and testimonial evidence presented.

With respect to the first functional domain, "acquiring and using information," the ALJ found that E.B.B had less than marked limitations, although her learning disability had clearly delayed her academic progress. In determining whether a child between the ages of six and 12 is limited in his ability to acquire and use information, the Commissioner is to consider whether the child is learning to "read, write, and do math, and discuss history and science." *Torres v. Comm'r of Soc. Sec.*, 2010 U.S. Dist. LEXIS 65287 at*17-*18 (S.D.N.Y. 2010), *citing Gomes v. Astrue*, 633 F. Supp. 2d 171 at 183 (S.D.N.Y. 2009). *See* 20 C.F.R. § 416.926a(g)(2). "Examples of limited functioning include an inability to demonstrate an understanding of words

about space, size, or time, or to rhyme words or the sounds of words; difficulty recalling important things that were learned in school yesterday; difficulty solving mathematics questions or computing arithmetic answers; and the ability to talk only in short, simple sentences." *Torres*, 2010 U.S. Dist. LEXIS 65287 at *17-*18. *See* 20 C.F.R. § 416.926a(g)(3)(i)-(v).

The ALJ's conclusion that E.B.B.'s ability to acquire and use information is less than "marked" finds some support in E.B.B.'s school records, which show that she is able to read independently (although far below grade level), complete homework, and perform well in art, music, physical education and health. Although she continually struggles with reading, writing and math, E.B.B. has made steady progress in those subject areas. (T. 39, 47, 56, 116, 121, 171, 180-85, 190-91).

I agree with plaintiff, however, that the ALJ's discussion of E.B.B.'s ability to "acquire and use information" was overly cursory. It does not appear that the ALJ considered the effect of E.B.B.'s highly structured and supported educational environment on her learning disability symptoms, or assessed its effect on her academic progress. Rather, the ALJ focused on the fact that E.B.B. continues to learn, without comparing E.B.B.'s progress with what is expected of a child of her age, IQ, or grade level. There is evidence in the record, not discussed or reconciled by the ALJ, that E.B.B.'s performance in the core subjects of reading, writing and math is significantly below grade level and consistently rated as "far below NYS and District standards." *See e.g.*, T. 170, 209, 238. Other standardized test results indicate that E.B.B.'s reading, mathematics and auditory skills scores are "much below average," and her written language score is "well below average." (T. 210-213). The ALJ also does not discuss whether this evidence, and/or the fact that E.B.B. has been "held back" twice, constitutes sufficient evidence of performance at least two standard deviations below the mean, which would be indicative of a "marked" impairment. *See* 20 C.F.R. 416.926a(e)(2) ("[A] 'marked' limitation also means … [a] valid score that is two standard deviations or more below the mean, but less than three standard deviations, on a comprehensive standardized test designed to measure ability or functioning in

- 4 -

that domain, and his day-to-day functioning in domain-related activities is consistent with that score"). Absent a thorough discussion of the conflicting evidence by the ALJ, the Court is unable to conclude that the ALJ's finding -- that E.B.B. is less than "markedly limited" in the area of "acquiring and using information" -- is supported by substantial evidence.

With respect to the second domain of functioning, "attending and completing tasks," the ALJ found E.B.B. to be less than markedly limited, as well. This conclusion is supported by substantial evidence, including the reports of E.B.B.'s teachers, evaluators and school psychologist, who consistently describe her as hard-working, cooperative, a "model student," "generally able to concentrate well on a variety of tasks" and follow directions, complete assignments, and work independently. (T. 116, 122, 171, 175, 180, 191, 210).

Concerning the third domain of functioning, " interacting and relating with others," the regulations state that school-age children between the ages of six and twelve "should be able to develop more lasting friendships with children [their] age . . .[,] should begin to understand how to work in groups to create projects and solve problems . . .[,] should have an increasing ability to understand another's point of view and to tolerate differences[, and] . . . should be well able to talk to people of all ages, to share ideas, tell stories, and to speak in a manner that both familiar and unfamiliar listeners readily understand." *Miles v. Astrue*, 775 F. Supp. 2d 715, 726 (S.D.N.Y. 2011); *quoting* 20 CFR § 416.926a(i)(2)(iv).

The ALJ's assessment that E.B.B. is less than markedly limited with respect to the third domain focuses on her educational records and plaintiff's testimony, which reflect that E.B.B. exhibits normal social skills, maintains good relationships with her mother and siblings, has a circle of friends at school, is active in the classroom, is well-regarded by her peers and teachers, and is seen as "a very cooperative and sweet young girl [who] appears to be invested in her learning and should be commended for her effort." (T. 23, 39, 52, 122, 196-198, 206, 209).

However, the ALJ does not appear to have considered the impact of E.B.B.'s severe delays in receptive and expressive language on her ability to engage in human interaction, and

specifically failed to properly apply E.B.B's scores on a standardized Clinical Evaluation of Language Fundamentals, fourth edition ("CELF-4") test.  "Under the regulations, impairments in expressive language ability are germane not only to the domain of acquiring and using information, but also to the domain of interacting and relating with others." *Miles*, 775 F. Supp. 2d 715 at 726.  *See also McClain v. Barnhart*, 299 F. Supp. 2d 309, 326 n.18 (S.D.N.Y. 2004) ("a child with speech-language deficits at the marked level will normally be found to have a marked limitation in the domain of interacting and relating with others, even though socially well-behaved").  Because "the CELF-4 examination is properly considered a "comprehensive standardized test designed to measure ability or functioning" in the domain of interacting and relating with others, *see* 20 C.F.R. § 416.926a(e)(2)(iii), and because as the ALJ recognized, "[E.B.B.] was administered the [CELF-4], which revealed that [E.B.B.] has a severe delay in receptive and expressive language skills a[s] evidenced by scores 2 standard deviations below the mean," E.B.B.'s CELF-4 scores would generally direct a finding of "marked" disability with respect to the domain of "interacting and relating with others," regardless of her good social skills and classroom demeanor.  (T. 19, 232).  *See generally Miles*, 775 F. Supp. 2d 715 at 727.

      The remainder of the ALJ's findings -- that E.B.B. has no limitations in her ability to "move and manipulate objects," and "health and physical well-being," and less than marked limitations in her ability to "care for herself" -- are supported by substantial evidence in the record.  According to her medical records and plaintiff's hearing testimony, E.B.B. is generally healthy, has normal dexterity, and is able to independently take care of simple personal needs such as brushing teeth, and getting dressed.  (T. 23-25, 47, 191, 202, 226, 247-49).

      In sum, the ALJ failed to sufficiently assess or credit the evidence of record with respect to two of the pertinent domains of functioning -- acquiring and using information, and interacting and relating to others.  Given the brevity of the ALJ's analysis of these domains, and the existence of conflicting evidence in the record which is not discussed in the ALJ's decision, it is impossible for this Court to assess whether proper legal standards were applied, and to find that

the ALJ's conclusions are supported by substantial evidence. "[I]n reviewing an administrative agency's decision, a court should not be compelled to guess at the theory underlying the agency's action.'" *Berry v. Schweiker*, 675 F.2d 464, 469 n. 3 (2d Cir. 1984), *citing SEC v. Chenery Corp.*, 332 U.S. 194, 196-197 (1947). Where, as here, the ALJ's rationale is unclear, the matter must be remanded for further findings and detailed explanation. *Id*. Moreover, this is not a case "[w]here the existing record contains persuasive proof of disability and a remand for further evidentiary proceedings would serve no further purpose." *Martinez v. Commissioner*, 262 F.Supp.2d 40, 49 (W.D.N.Y.2003).

Because the ALJ erred in his assessment of two domains of functioning, and because a finding of "marked" impairments in both of those domains would direct a finding of disability, remand is required so that the Commissioner can apply the proper legal standards in weighing the evidence of record, reconcile any conflicting evidence and/or explain his reasons for rejecting such evidence, and set forth his findings and reasoning in greater detail.

## CONCLUSION

The Commissioner's motion for judgment on the pleadings (Dkt. #4) is denied, plaintiff's cross motion (Dkt. #5) is granted, and the matter is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
October 4, 2011.